

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 29, 2013

The Honorable Joseph C. Pickett
Chair, House Committee on Defense
    and Veterans' Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768

Opinion No. GA-0985

Re: Whether a home-rule city may change the terms of its officers from three to four years without first adopting a charter amendment (RQ-1077-GA)

Dear Representative Pickett:

You present two questions about the propriety of actions taken by a home-rule city in general, and by the City of Socorro (the "City") specifically, under the authority of Senate Bill 100.[1] Adopted by the Eighty-second Legislature, Senate Bill 100 implements in Texas the Federal Military and Overseas Voter Empowerment Act. *See* Act of May 29, 2011, 82d Leg., R.S., ch. 1318, 2011 Tex. Gen. Laws 3804, 3804 (preamble). Most of its election related provisions are now codified in the Election Code. *See id.* §§ 1–45, at 3804–16 (containing provisions amending the Election Code). For example, subsection 41.001(d) of the Election Code provides that a county elections administrator is not required to enter into contracts to furnish election services for an election held in May in even-numbered years. *See* TEX. ELEC. CODE ANN. § 41.001(d) (West Supp. 2012). Other codified provisions govern changes to a political subdivision's election date and the elimination of staggered-year elections for home-rule municipality council positions. *See id.* § 41.0052(a).

The uncodified provision in Senate Bill 100 that pertains to your question is section 52. Section 52 is another provision to aid in the transition away from May elections in even-numbered years and provides that:

> (a)  This section applies only to a political subdivision that elects the members of its governing body to a term that consists of an odd number of years.

> (b)  Not later than December 1, 2012, the governing body of the political subdivision may adopt a resolution changing the length of

---

[1]*See* Letter from Honorable Joseph C. Pickett, Chair, Defense & Veterans' Affairs Comm., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Aug. 2, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

the terms of its members to an even number of years.  The resolution must specify the manner in which the transition from the length of the former term to the modified term is made.  The transition must begin with the first regular election for members of the governing body that occurs after January 1, 2013, and a member who serves on that date shall serve the remainder of that term.

*See* Act of May 29, 2011, 82d Leg., R.S., ch. 1318, § 52, 2011 Tex. Gen. Laws 3804, 3817.

You first ask whether article XI, section 11(a) of the Texas Constitution requires a charter amendment if a home-rule municipality seeks to lengthen the terms of office to four years.  *See* Request Letter at 2.  Article XI, section 11(a) provides that "[a] home-rule city may provide by charter or charter amendment, . . . for a longer term of office than two (2) years for its officers, either elective or appointive, or both, but not to exceed four (4) years."  TEX. CONST. art. XI, § 11(a).  By its plain language, article XI, section 11(a) requires that a home-rule municipality that wishes to establish terms of office longer than two years must do so by charter amendment.  *See* TEX. CONST. art. XI, § 11(a), *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009) (relying heavily on the literal text of a constitutional provision to give effect to its plain language); *see also id.* art. XI, § 5 (providing that home-rule municipalities "may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters").  Whether a municipality currently employs two-year or three-year terms, a term of four years is itself "a longer term of office then two (2) years" and thus falls squarely within the scope of article XI, section 11(a).  Accordingly, a court would likely conclude that a home-rule municipality may not extend its council terms from three years to four years without a charter amendment.

Your second question concerns the specific election schedule selected by the City.  You indicate that the City has provided for an election for half of the members of its governing body in November of 2013 and the other half in November of 2014.  *See* Request Letter at 1–2.  You suggest the City should have scheduled its elections for November of 2012 and 2013, and you ask whether article XI, section 11(a) prohibits four-and-a-half year terms during the period of transition to another election date.  *See id.* at 2.  Article XI, section 11(a) of the Texas Constitution expressly, and without exception, provides that the terms of office for city officials in a home-rule municipality may not exceed four years.  TEX. CONST. art. XI, § 11(a).  To the extent the City's council terms exceed four years, they are contrary to article XI, section 11(a).

## S U M M A R Y

Under article XI, section 11(a) of the Texas Constitution, a court would likely conclude that a home-rule municipality may not change its city council terms from three years to four years without a charter amendment.

To the extent the City of Socorro's city council terms exceed four years, they are contrary to article XI, section 11(a) of the Texas Constitution.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee